UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
 KEVIN RAZZOLI,                                               :
                                        Plaintiff,            :
                                                              :         16 Civ. 7136 (LGS)
                  -against-                                   :
                                                              :         ORDER
                                                              :
 CITY OF NEW YORK, et al.,                                    :
                                        Defendant.            :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, construed liberally, the Complaint alleges a claim pursuant to 42 U.S.C. § 1983, based on a false arrest.  Dkt. No. 2.

WHEREAS, on February 2, 2017, the Court issued an Order staying this case pending resolution of Plaintiff's underlying criminal case (the "Stay").  Dkt. No. 20.

WHEREAS, on November 30, 2020, Plaintiff filed a notice of objection to the delay of trial, alleging that the Stay violates his constitutional rights (Dkt. No. 133), and on December 14, 2020, the Hunts Point Terminal Market Defendants filed a responsive letter (Dkt. No. 135).

WHEREAS, on December 15, 2020, Magistrate Judge James L. Cott issued an Order overruling Plaintiff's objection to the delay of trial and directing that the Stay remain in place until further Court order.  Dkt. No. 136.  The Order explains that because Plaintiff's underlying criminal case has yet to be resolved, it is premature to lift the Stay.  *Id*.

WHEREAS, on December 18, 2020, Plaintiff filed a timely objection to Judge Cott's December 15, 2020, Order (the "Objection") (Dkt. No. 136), and on December 22, 2020, the Hunts Point Terminal Market Defendants filed a responsive letter (Dkt. No. 138).

WHEREAS, on January 8, 2020, the Hunts Points Terminal Market Defendants filed a status letter indicating that Plaintiff's appeal of his criminal conviction has been adjourned to the March 2021 term.  Dkt. No. 142.

WHEREAS, "[w]hen a magistrate judge enters a non-dispositive order like a discovery order, and a party objects, a district court 'shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.'"  *Shim-Larkin v. City of New York*, No. 16 Civ. 6099, 2020 WL 5758751, at *1 (S.D.N.Y. Sept. 28, 2020) (citing Fed. R. Civ. P. 72 (a)).

WHEREAS, a plaintiff who seeks to bring a false arrest claim "must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his section 1983 claim," *Roesch v. Otarola*, 980 F.2d 850, 853 (2d Cir. 1992); *accord Charles v. Johnson*, No. 13 Civ. 218, 2015 WL 4509405, at * 3 (D. Conn. July 24, 2015), because "[a] claim arising from [an] allegedly false arrest will be barred if plaintiff is convicted of the crime for which he was arrested," *Cameron v. Wise*, No. 09 Civ. 967, 2009 WL 3755093, at *3 (S.D.N.Y. Nov. 2, 2009); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (explaining that "a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[]"); *accord Wilson v. City of New York*, No. 20 Civ. 4178, 2020 WL 4606423, at *4 (S.D.N.Y. Aug. 10, 2020).

WHEREAS, "[i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato,* 549 U.S. 384, 393-94 (2007); *accord Stegemann v. Rensselaer Cty. Sheriff's*

*Office*, 648 Fed. App'x. 73, 78 (2d Cir. 2016) (summary order) (recommending the district court hold a § 1983 action in abeyance until the completion of a related criminal action).

WHEREAS, Mr. Razzoli has not identified any constitutional rights violated by the Stay.

WHEREAS, the Sixth Amendment right to a speedy trial does not apply to civil cases. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011); *accord Azeez v. City of New York*, 2018 WL 4017580, at *13 (E.D.N.Y. Aug. 22, 2018) ("[T]he Sixth Amendment by its text only applies to criminal prosecutions.") (internal citations and quotation marks omitted).

WHEREAS, for all of these reasons the December 15, 2020, Order (Dkt. No. 136) is not clearly erroneous.  It is hereby

**ORDERED**, that Plaintiff's objection to the December 15, 2020 Order is overruled. Because Plaintiff's underlying criminal case has yet to be resolved and the Stay does not violate Plaintiff's constitutional rights, it is premature to lift the Stay.  It is further

**ORDERED**, that by January 15, 2021, Defendants shall serve a copy of this Order on pro se Plaintiff.

Dated: January 11, 2021
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**