

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KEVIN RAZZOLI,  :
  :
          Plaintiff,  :  **MEMORANDUM ORDER**
  :
   -v-  :  16-CV-7136 (LGS) (JLC)
  :
CITY OF NEW YORK, et al.,  :
  :
          Defendants.  :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      Before the Court is *pro se* plaintiff's request to disqualify Andrew G. Celli, Jr. and Zoe Salzman of Emery Celli Brinkerhoff & Abady LLP ("Emery Celli") due to an alleged conflict of interest. For the reasons set forth below, plaintiff's request is denied.

      In a letter dated January 15, 2017, plaintiff first argued that Mr. Celli and Ms. Salzman's representation of defendant Hunts Point Co-op Executive Board in this case presented a conflict of interest. Dkt. No. 15. Plaintiff also claimed that a separate conflict of interest existed in Ms. Salzman's representation of Mr. Celli—who in addition to appearing as defense counsel is also named as a defendant in this case—because Mr. Celli and Ms. Salzman both worked at the same law firm, Emery Celli. *Id.* In response, defense counsel filed a letter contending that no conflict of interest existed at this time, but acknowledged that there may be a conflict of interest (with respect to Mr. Celli) under the advocate-witness rule if the case were ever to reach trial. Dkt. No. 17.

      Almost four years later, in a letter dated December 17, 2020, plaintiff reiterated his conflict of interest theory and reasoned that one "firm cannot represent city and private defendants in the case at bar." Dkt. No. 140. Plaintiff repeated his allegations yet again in a

motion filed on January 11, 2021, contending that Ms. Salzman should "cease and desist" from her representation of defendant Hunts Point Co-op Executive Board or the Board's members because "city attorneys [are prohibited] from representing private citizens." Dkt. No. 145. Although the relief sought is not explicitly stated in his various submissions to the Court, plaintiff effectively seeks to disqualify Mr. Celli and Ms. Salzman as defense counsel.

As a general matter, "[c]ourts in this Circuit show 'considerable reluctance to disqualify attorneys' because 'disqualification has an immediate adverse effect on the client by separating him from counsel of his choice' and because 'disqualification motions are often interposed for tactical reasons [a]nd even when made in the best of faith . . . inevitably cause delay.'" *Sanchez v. Hoosac Bank*, No. 12-CV-8455 (ALC), 2014 WL 1326031, at *2 (S.D.N.Y. Mar. 31, 2014) (*quoting Board of Ed. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). "The Second Circuit has explained that 'disqualification is called for only when an attorney's conduct tends to taint the underlying trial.'" *Lebetkin v. Giray*, No. 18-CV-8170 (DLC), 2018 WL 6582800, at *1 (S.D.N.Y. Nov. 20, 2018) (quoting *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016)). "[T]he party seeking disqualification must meet a 'heavy burden of proof in order to prevail.'" *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 419 (S.D.N.Y. 2015) (quoting *Gormin v. Hubregsen*, 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009)).

Here, plaintiff has not met his burden. In the civil context, a conflict of interest exists only where "counsel actively represented conflicting interests and . . . an actual conflict of interest adversely affected [counsel's] performance during the trial.'" *Anderson v. Cahill,* 417 F. App'x 92, 93 (2d Cir. 2011) (*quoting Patterson v. Balsamico*, 440 F.3d 104, 115 (2d Cir. 2006)). Plaintiff has neither made any factual allegations regarding, nor proffered any evidence

establishing, a conflict of interest of this sort, much less one that would taint the underlying trial.[1] As defense counsel pointed out in her response letter, Dkt. No. 17 at 2, there may be an issue with Mr. Celli's role as an advocate if this case proceeds to trial because he might be a necessary witness. *See* Model Rule 3.7 ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness"). However, this issue is premature as the case is still in its infancy and defendants have yet to respond to plaintiff's complaint given the stay of all proceedings pending the resolution of plaintiff's underlying criminal case.

With respect to plaintiff's suggestion that Ms. Salzman could not represent Mr. Celli in this action on the grounds that they both work for the same law firm, Dkt. No. 15, this argument is also without merit. *See, e.g., H&H Acquisition Corp. v. Fin. Intranet Holdings*, No. 98-CV-5269 (BSJ), 2000 WL 502869, at *3 (S.D.N.Y. Apr. 27, 2000) (denying plaintiff's request to disqualify law firm from representing a partner from that law firm where the "Second Circuit has squarely held that a lawyer-litigant-witness—such as [defendant] will be in the instant case—may select a law partner as trial counsel, just as [defendant] has done") (citing *Bottaro v. Hatton Assocs.* 680 F.2d 895 (2d Cir. 1982)). Moreover, plaintiff's arguments that "[one] firm cannot represent city [sic] and private defendants in the case at bar" and that "city attorneys [are prohibited] from representing private citizens" are also unavailing as the premise of these contentions is factually inaccurate. The City of New York is represented solely by the New York City Law Department, and the remaining defendants are represented solely by Emery Celli; there is no overlap in representation.

---

[1] Plaintiff cites to Rule 8.4 of the American Bar Association's Model Rules of Professional Conduct and *United States v. Shwarz*, 283 F.3d 76 (2d Cir. 2002) in support of his request. Dkt. No. 15. However, Rule 8.4 governs misconduct in the legal profession and *United States v. Shwarz,* a criminal case, involved an actual and unwaivable conflict of interest in the context of an ineffective assistance of counsel claim, neither of which have any applicability to this case.

At most, plaintiff's claims of a conflict of interest amount to premature speculation, which falls far short of the evidence necessary to meet the high burden required for disqualification motions. *Lebetkin*, 2018 WL 6582800, at *1 ("speculation does not survive the strict scrutiny called for when a litigant moves to disqualify counsel for another party"). Accordingly, plaintiff's request to disqualify Mr. Celli and Ms. Salzman as defense counsel is denied.[2]

      **SO ORDERED.**

Dated: New York, New York
       January 19, 2021

                                                JAMES L. COTT
                                                United States Magistrate Judge

**A copy of this Memorandum Order has been mailed to the following:**
Kevin Razzoli
114 Belmont Place
Staten Island, New York 10301

---

[2] If this case were ever to proceed to trial, plaintiff may renew his request to disqualify Mr. Celli if it appears he will be a necessary witness. Such an application is far down the road, however, given that this case is presently stayed. It may not be made without the Court's permission.

4