UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                                            :
KEVIN RAZZOLI,                                                    :
                                                  Plaintiff,      :              16 Civ. 7136 (LGS)
                                                                            :
                          -against-                             :          **OPINION AND ORDER**
                                                                            :
THE CITY OF NEW YORK, et al.,                           :
                                                Defendants.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Pro se Plaintiff Kevin Razzoli brings this action against Defendants the City of New

York, Nick Rodelli, Hunts Point Co-op Executive Board, Andrew Celli, Public Safety Officer

Ramadiz and an unnamed Public Safety Officer, alleging false arrest and other due process

violations pursuant to 42 U.S.C. § 1983.  Defendants filed a pre-motion letter, which this Court

construes as a motion to dismiss the Complaint for failure to state a claim pursuant to Federal

Rule of Civil Procedure 12(b)(6).  Plaintiff opposed the motion to dismiss and later filed what is

construed as an application for leave to amend and a motion to disqualify Defendants' counsel.

For the following reasons, Defendants' motion is granted, and Plaintiff's motions are denied.

**I.       BACKGROUND**

      The following facts are taken from the Complaint and documents attached to it.  *See*

*Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021).  The facts are

construed in the light most favorable to Plaintiff as the non-moving party and presumed to be

true for the purpose of this motion.  *Id.* at 299 n.1.

      The Complaint alleges that, on June 13, 2016, at approximately 9:00 a.m., Nick Rodelli,

Officer Ramadiz and "several unknown officers" illegally arrested Plaintiff for trespass at Hunts

Point Terminal Market in the Bronx.  The Complaint asserts that this arrest violated Plaintiff's

rights under the Fourth, Fifth, Eighth and Fourteenth Amendments and impeded his business without due process of law.

On February 2, 2017, the Court stayed this action pending resolution of Plaintiff's underlying criminal case.  On October 25, 2018, Plaintiff was convicted of criminal trespass in the third degree and trespass.  On April 19, 2019, Plaintiff was convicted of a second count of criminal trespass in the third degree and trespass.  Plaintiff appealed both convictions, first to the First Department -- which modified the judgments to dismiss the lesser included trespass charges -- and then to the New York Court of Appeals.  On June 4, 2021, the Court of Appeals denied Plaintiff's motion for leave to appeal.  Defendants now move to dismiss the Complaint in its entirety.

## II.   DISCUSSION

Liberally construed, the Complaint asserts claims alleging false arrest and other due process violations under 42 U.S.C. § 1983.  *See Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) (A pro se litigant's papers must be construed liberally "to raise the strongest arguments that they suggest.").  For the reasons discussed below, the Complaint is dismissed.

Plaintiff's § 1983 claim for false arrest derives from his Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from arrest absent probable cause.  *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).  The false arrest claim fails as a matter of law because Plaintiff's subsequent conviction negates any suggestion that his arrest was made without probable cause.  *See Cameron v. Fogarty*, 806 F.2d 380, 388-89 (2d Cir. 1986) (affirming dismissal of false arrest claim because "resulting conviction[s] [are] a defense to a § 1983 action asserting that the arrest was made without probable cause"); *accord*

2

*Corsini v. Brodsky*, 731 F. App'x 15, 18 (2d Cir. 2018) (affirming dismissal of false arrest claim because plaintiff's "conviction of one charge stemming from that incident necessarily establishes probable cause for both that arrest and the ensuing prosecution") (summary order).  Following appeals to the First Department and New York Court of Appeals, Plaintiff's conviction is now final.  *Gutierrez v. Smith*, 702 F.3d 103, 118 n.2 (2d Cir. 2012) ("In New York, a defendant's conviction becomes final ninety days after leave to appeal . . . is denied.").  Plaintiff's conviction establishes probable cause for the arrest that is challenged in this action and requires dismissal of the false arrest claim.

        The Complaint fails to state any other cognizable claim.  The remaining allegations in the Complaint relate to alleged "due process" violations, which -- liberally construed -- also contest the merits of Plaintiff's underlying trespass conviction.  These claims are barred by the *Rooker-Feldman* doctrine.  Under this doctrine, which was created by two decisions of the Supreme Court of the United States, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983), federal district courts lack subject-matter jurisdiction to review final orders and judgments of the state courts.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments . . . ."); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) ("The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases.").  To the extent that

Plaintiff seeks to invalidate his trespass conviction, such claims run afoul of the *Rooker-Feldman* doctrine and are dismissed for that reason.[1]

Accordingly, Defendants' motion to dismiss the entirety of the Complaint is granted.

## III.   LEAVE TO REPLEAD

A "court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Although courts generally take a liberal approach in permitting pro se plaintiffs to amend their pleadings, "leave to amend need not be granted when amendment would be futile."  *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).  Repleading is futile when "[t]he problem with [the plaintiff's] cause of action is substantive" and "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *accord Jain v. City of New York*, No. 20 Civ. 5442, 2021 WL 6064204, at *7 (S.D.N.Y. Dec. 22, 2021).  On January 11, 2022, Plaintiff filed a notice of claim, which the Court construes as an application for leave to amend.  Leave to amend is denied because the basis for dismissal is substantive and no repleading could cure the deficiencies identified in the false arrest and due process claims. The false arrest claim is precluded by the now-final conviction.  The due process claims challenging the state conviction are cannot be challenged in federal court.  Accordingly, leave to amend is denied as futile.

## IV.   MOTION TO DISQUALIFY

On May 23, 2022, Plaintiff moved to disqualify defense counsel due to an alleged conflict of interest resulting from an upcoming July 25, 2022, hearing in a related case filed in

---

[1] The other allegations in the Complaint are legally insufficient to state any of the asserted constitutional claims.  *See* 28 U.S.C. § 1915(e)(2)(B).

state court.  Having granted Defendants' motion to dismiss the Complaint in its entirety, the motion to disqualify is denied as moot.

The motion to disqualify is also denied on the merits.  As Magistrate Judge Cott explained in denying Plaintiff's prior motion to disqualify the same defense counsel in January 2021:

> As a general matter, "[c]ourts in this Circuit show 'considerable reluctance to disqualify attorneys' because 'disqualification has an immediate adverse effect on the client by separating him from counsel of his choice' and because 'disqualification motions are often interposed for tactical reasons [a]nd even when made in the best of faith . . . inevitably cause delay.'" *Sanchez v. Hoosac Bank*, No. 12 Civ. 8455, 2014 WL 1326031, at *2 (S.D.N.Y. Mar. 31, 2014) (*quoting Board of Ed. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). "The Second Circuit has explained that 'disqualification is called for only when an attorney's conduct tends to taint the underlying trial.'" *Lebetkin v. Giray*, No. 18 Civ. 8170, 2018 WL 6582800, at *1 (S.D.N.Y. Nov. 20, 2018) (quoting *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016)).  "[T]he party seeking disqualification must meet a 'heavy burden of proof in order to prevail.'" *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 419 (S.D.N.Y. 2015) (quoting *Gormin v. Hubregsen*, 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009)).

> Here, plaintiff has not met his burden.  In the civil context, a conflict of interest exists only where "counsel actively represented conflicting interests and . . . an actual conflict of interest adversely affected [counsel's] performance during the trial.'" *Anderson v. Cahill,* 417 F. App'x 92, 93 (2d Cir. 2011) (summary order) (*quoting Patterson v. Balsamico*, 440 F.3d 104, 115 (2d Cir. 2006)).  Plaintiff has neither made any factual allegations regarding, nor proffered any evidence establishing, a conflict of interest of this sort, much less one that would taint the underlying trial.

*Razzoli v. City of New York*, No. 16 Civ. 7136, 2021 WL 162029, at *1 (S.D.N.Y. Jan. 19, 2021).

For the same reasons, the instant motion to disqualify defense counsel is denied.

## V.    CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED, and the motion to disqualify is DENIED.

The Clerk of Court is respectfully directed to terminate all outstanding motions and close the case.

Dated: June 8, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE